**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KENNETH M. MONTGOMERY, JR., a/k/a
Richard E. Main,
Defendant-Appellant.

No. 99-4407

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-289)

Submitted: May 10, 2000

Decided: June 8, 2000

Before MURNAGHAN and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Reginald M. Barley, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, David T. Maguire, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Montgomery, Jr., appeals from his multiple convictions and life sentence. Montgomery's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious issues for appeal. Montgomery was informed of his right to file a pro se supplemental brief but has failed to do so. Finding no reversible error, we affirm.

First, we do not find that the Government failed to timely bring Montgomery to trial under the Juvenile Delinquency Act. See 18 U.S.C. § 5036 (West 1985 & Supp. 1999). Montgomery was detained as an adult and was originally held on charges stemming from adult conduct. The fact that some of Montgomery's criminal conduct commenced when Montgomery was a juvenile is without moment. See United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984) (authorizing incorporation of juvenile conduct in adult prosecution of continuing criminal conduct). Second, we find sufficient evidence supports Montgomery's convictions for Count 1, a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) (1994), and Count 3, murder in the aid of drug trafficking and aiding and abetting. See Glasser v. United States, 315 U.S. 60, 74-75 (1942).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Montgomery's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state

2

that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3

e